1  GREENBERG TRAURIG, LLP
2  JOHN M. GATTI (SBN 138492)
   JOHN J. LUCAS (SBN 216236)
3  LORI CHANG (SBN 228142)
   2450 Colorado Avenue, Suite 400E
4  Santa Monica, California 90404
   Telephone: (310) 586-7700
5  Facsimile:  (310) 586-7800
   Email:  changl@gtlaw.com
6  Attorneys for Plaintiff
7  CONTENDER PARTNERS, LLC

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  CONTENDER PARTNERS, LLC, a          CASE NO.*  CV08-02026  MRP
    California limited liability company,
13                                      COMPLAINT FOR:
14              Plaintiff,              1. VIOLATIONS OF THE LANHAM
                                        ACT, 15 U.S.C. §§ 1051, et seq.
15  vs.
                                        2. COPYRIGHT INFRINGEMENT
16
    AZTECA INTERNATIONAL               3. BREACH OF CONTRACT
17  CORPORATION, a Delaware
    corporation and d/b/a AZTECA        4. BREACH OF IMPLIED
18  AMERICA, RED AZTECA                 CONTRACT
    INTERNATIONAL, S.A. de C.V., a
19  Mexican corporation, TV AZTECA,     5. UNFAIR COMPETITION UNDER
    S.A. de C.V., a Mexican corporation CAL. BUS. & PROF. CODE §§ 17200,
20  and d/b/a TV AZTECA, and            et seq.
    MAPITV, INC., a New Jersey
21  corporation,                        [DEMAND FOR JURY TRIAL]
22
23              Defendant(s).
24

25

26

27

28

                              COMPLAINT

LA 127,256,305v5

For their Complaint herein, Plaintiff alleges:

## **INTRODUCTION**

1.      Plaintiff Contender Partners, LLC ("Plaintiff") brings this action against Defendants Mapitv, Inc., Azteca International Corporation (d/b/a Azteca America), Red Azteca International, S.A. de C.V. ("Red Azteca"), and TV Azteca, S.A. de C.V. ("TV Azteca")[1] for breaching licensing agreements and infringing upon Plaintiff's intellectual property rights and misappropriating Plaintiff's business pitch to produce a Spanish-language version of *The Contender*, a reality television series created by Mark Burnett Productions and DreamWorks Television, LLC,  production companies based in Los Angeles, California, and members of Contender Partners, LLC.  Plaintiff, Mark Burnett Productions and DreamWorks Television, LLC are world-renowned producers and creators of numerous television shows that have attained worldwide success, including *The Contender*, *Survivor*, and *The Apprentice*.

2.      *The Contender* is a successful reality show that is currently airing on the ESPN network and various international networks.  It is produced by Plaintiff.  As a result of its popularity and success, the series has spun off into international versions such as *The Contender Asia* and *The Contender Challenge: UK v. USA*.  As a result of its global success, Plaintiff produced dubbed versions of the original episodes of *The Contender* that were licensed through license agreements to air on Spanish-language networks such as Telemundo and Azteca America, a defendant in this lawsuit.  These Spanish-dubbed episodes were broadcast under the name *The Contender: El Retador*.  In the Spanish language, the word "contender" is translated as "retador."

3.      Initially, authorized episodes of *The Contender*, Season 1 and 2, dubbed and/or subtitled in the Spanish language were broadcasted by the Azteca Defendants under two licenses granted by Plaintiff in 2005 and 2007.  Prompted by the global

---

[1] Defendants Azteca International Corporation (d/b/a Azteca America), Red Azteca International, S.A. de C.V. ("Red Azteca"), and TV Azteca, S.A. de C.V. ("TV Azteca") will be collectively referred to as the "Azteca Defendants."

1  success of *The Contender*, especially in the Spanish language markets, and a desire to

2  expand its international reach, in May 2007 Plaintiff pitched to the Azteca Defendants a

3  business proposition to produce a Latin American, Spanish-language version of *The*

4  *Contender*. Contender Partners proposed to license this new spin-off of *The Contender*

5  for co-production by the Azteca Defendants and the Discovery Channel network. The

6  Discovery Channel had previously broadcasted authorized dubbed episodes of Seasons

7  1 and 2 on its Spanish-language People + Arts channel.

8          4.      On information and belief, after discussions between Plaintiff and the

9  Azteca Defendants that took place over approximately three months where Plaintiff

10 confidentially disclosed its plan to launch a Spanish-language version of *The*

11 *Contender*, the Azteca Defendants secretly contacted Discovery and proposed that the

12 two networks co-produce a new Spanish-language reality television series called

13 *Retador Azteca* that not only infringed the trademarked names for *The Contender*, but

14 also copied the same theme, format, and concept of *The Contender*. The Azteca

15 Defendants proposed to produce these episodes without Contender Partners'

16 involvement -- i.e., without authorization from Contender Partners or the payment of a

17 license fee. By doing so, the Azteca Defendants also violated the prior license

18 agreements with Plaintiff regarding *The Contender*. Discovery declined this offer,

19 believing that *Retador Azteca* was a complete rip-off of *The Contender*.

20         5.      In 2008, Defendants began broadcasting episodes of *Retador Azteca*.

21 Plaintiff sent Defendants a cease and desist letter, informing them that these episodes

22 infringed upon its intellectual property rights. Defendants, however, have refused to

23 put a stop to their unlawful and infringing activities, and continue to produce and air

24 episodes of *Retador Azteca* in using the same trademark and format as *The Contender*.

25 ///

26 ///

27 ///

28

LA 127,256,305v5

## JURISDICTION

6.  This is an action for trademark infringement arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., and state law claims of which this court may exercise supplement jurisdiction.  The amount in controversy exceeds $75,000.

7.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367, and 15 U.S.C. §§ 1116 and 1121.

## PERSONAL JURISDICTION

8.  This Court has personal jurisdiction over Defendants because, on information and belief, they are doing business within the County of Los Angeles, California.  Among other things, they are producing episodes of *Retador Azteca* within the Court's jurisdiction.  These episodes are also being broadcast to viewers located in this jurisdiction.

## VENUE

9.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a) in that the Defendants are entities subject to personal jurisdiction in this judicial district.

## THE PARTIES

10.  Plaintiff Contender Partners, LLC is a limited liability company formed under the laws of the State of California.  Its principal place of business is located in the county of Los Angeles.

11.  Defendant Azteca International Corporation ("Azteca America"), d/b/a Azteca America, is a corporation formed under the laws of Delaware and has its principal place of business in Los Angeles, California.

12.  Defendant Red Azteca International S.A. de C.V. ("Red Azteca") is a corporation formed under the laws of Mexico and located in Mexico D.F., Mexico.

13.  Defendant TV Azteca, S.A. de C.V. ("TV Azteca"), d/b/a TV Azteca, is a corporation formed under the laws of Mexico and located in Mexico D.F., Mexico.  TV

COMPLAINT

LA 127.256.305v5

Azteca is a Mexican television network and parent company of Azteca America and Red Azteca.

14.     Plaintiff is informed and believes, and thereon alleges that Defendant Mapitv, Inc. is a corporation formed under the laws of New Jersey and is located in Cliffside Park, New Jersey.

## FACTUAL BACKGROUND

15.     Plaintiff Contender Partners is a joint venture between JMBP, Inc. (an entity owned by Mark Burnett and frequently known as Mark Burnett Productions) and DreamWorks Television, LLC.  Mark Burnett Productions is the producer of several well-known and globally successful reality-based television programs (hereafter referred to as "reality TV"), including *Survivor*, *The Apprentice*, and *The Contender*, a reality TV series depicting two teams of boxers who compete with one another for a grand cash prize.  Mark Burnett Productions is known in the marketplace for creating high quality, high concept reality shows that have a particular look and feel that appeal to audiences.

16.     *The Contender*, Season 1, premiered in March 2005 and was originally broadcast on the National Broadcasting Corporation ("NBC") television network. During its first season, the series ran for a total of 15 weeks on NBC.  Subsequent seasons (Seasons 2 and 3) of *The Contender* aired in 2006 and 2007 on the ESPN network.  The finale for Season 3 recently aired on November 6, 2007 and continues to be re-aired on various ESPN networks.

17.     As a result of *The Contender*'s domestic success, the series was internationally distributed in countries such as the United Kingdom, India and Mexico. In addition, *The Contender* spun off international versions known as *The Contender Challenge: UK v. USA*, which premiered in March 2007, and *The Contender Asia*, which began airing in January 2008.

///

LA 127,256,305v5

### *The Contender* **Is An Original Reality TV Series**

18.   Although each episode features a boxing match, *The Contender* series is more than a boxing program.  It differs from programs like *Friday Night Fights*, produced and broadcasted by the ESPN network, or *Boxing After Dark* and *HBO World Championship Boxing*, produced and broadcasted by the HBO network, which were all boxing programs that featured professional boxing matches between well-known boxers.  These other boxing shows were produced like any other sports program, such as an NBA basketball game or NFL football game.

19.   *The Contender*, on the other hand, is a reality TV show that follows a unique tournament-style competition and elimination and emphasizes the individual lives and personal stories of its contestants who are generally unknown, amateur or quasi-professional boxers to create a connection between the show's participants and the audience.  As the series is described on its website, *The Contender* is "an unscripted drama about the lives, fears and hopes of 16 professional boxers as they compete for the chance to forever change their lives and the lives of the people they love." *The Contender* brings the audience behind the scenes and into the boxers' lives.

20.   Specifically, the original and copyrighted format for *The Contender* series consists of the following elements:

      a)   *Plot*:  *The Contender* is a reality TV show that combines the sport of boxing with a dramatization and portrayal of the private lives of its contestants and their personal struggles.  The series follows two teams of boxers assembled to compete with one another for a grand cash prize.  It is an elimination-based competition where the contestants advance or are eliminated through boxing matches.

      b)   *Theme*:  The series' motto, "The Next Great Human Drama," sums up the show's focus on the portrayal of the physical and emotional challenges

LA 127,256.305v5

facing its contestants as they struggle through this competition and the difficulties of life in general.

c)   *Mood*:  The series conveys a masculine, gritty, underground "street" mood to create an atmosphere of excitement and angst associated with both the actual competition (i.e., the boxing matches) and the personal dramas of each contestant.

d)   *Setting*:  The contestants are sequestered in a dorm-like, group living compound, and train and compete in a place that has the look and feel of an underground boxing gym (versus a trendy, upscale athletic gym).  The series as a whole is set in a tournament-style format where winners of the first eight bouts advance to the quarter finals, followed by the semifinals and finale championship bout.  The final tournament itself is presented like a professional title match, where the remaining contestants compete for the ultimate title and purse awarded by *The Contender* series.  In Season 1, the finale took place at Caesar's Palace in Las Vegas, Nevada, a traditional venue for professional championship bouts.

e)   *Characters*:  Former boxing champion Sugar Ray Leonard acts as the host and sometimes trainer for *The Contender* (domestic version).  All contestants are aspiring male boxers that qualify within the same weight class.  They are unknown amateur or quasi-professional boxers with some but limited boxing experience.  All come from lower to middle-class backgrounds.  Families and close friends of the boxers make regular appearances in segments that focus on the personal lives of the contestants.

f)   *Sequence of events*:  The contestants form two equal-numbered teams, segregated based on the origin of the boxers (e.g., East Coast versus West Coast, as in Season 1; and United States citizens versus United Kingdom citizens, as in *The Contender Challenge: UK v. USA*).  The teams compete

against each other in an elimination boxing match that occurs in each episode. Most episodes feature a segment on the individual contestants; a physical challenge segment that determines the boxers who will fight in the week's match; and a boxing match. Contestants advance in the competition by winning bouts. Winners of the first eight matches are guaranteed spots in the quarter finals. The tournament consists of quarter finals, semi finals, and the finale, where the winner of the championship bout is the ultimate winner of the series' competition.

21.    Plaintiff is the holder of all copyrights, trademarks, and other intellectual property rights in *The Contender* and its international spin-offs (collectively referred to as *The Contender*). As a result of *The Contender*'s success, Plaintiff continues to globally produce and license both domestic and international episodes of the series.

### Plaintiff Licensed Episodes Of *The Contender* To The Azteca Defendants

22.    Episodes of Seasons 1 and 2 of *The Contender* have been dubbed in Spanish and broadcasted to the Spanish-speaking audience within the United States on the Spanish language network Telemundo. In 2006, Spanish-dubbed episodes of *The Contender* also aired on the Discovery Channel network's People + Arts channel ("Discovery") in Mexico. Discovery aired these episodes under the title, *The Contender: El Retador. El Retador* was used in the name because it is the Spanish-language translation for "*The Contender*." Discovery created logos and used the name "*El Retador*" in connection with the exploitation, marketing and promotion of *The Contender*.

23.    Contender Partners also licensed Spanish-dubbed episodes of *The Contender* to the Azteca Defendants, through Red Azteca, to be broadcast in Mexico. Red Azteca is regarded as the licensing arm for TV Azteca. Azteca America is a network operating within the United States. Both Defendants are subsidiaries of TV Azteca.

LA 127,256,305v5

24.    On or around October 3, 2005, Plaintiff, through JMBP Inc., entered into a license agreement with Defendant Red Azteca, allowing Defendants and/or TV Azteca to dub and/or subtitle *The Contender* series, Season 1, in the Spanish language and exhibit the program in Mexico between October 21, 2005 and October 20, 2006, in exchange for a license fee.  The license ("2005 License Agreement") is attached hereto as Exhibit A.

25.    Subsequently, on or around February 7, 2007, Plaintiff entered into a another license agreement with Defendant Red Azteca, allowing Defendants and/or TV Azteca to air Spanish-dubbed and/or subtitled episodes of *The Contender*, Season 2, between March 1, 2007 and February 28, 2009, in exchange for a license fee.  This subsequent license ("2007 License Agreement") is attached hereto as Exhibit B.

26.    Provisions in both the 2005 and 2007 License Agreements confirm that Contender Partners (the Licensor) is the owner of all intellectual property rights in *The Contender*.  Specifically, the agreements state:

> Intellectual Property Rights:  As between Licensor and
> Licensee, Licensor shall at all times be the sole exclusive owner
> of the copyright in each Program throughout the universe....
> Licensee acknowledges that it has no right to register any
> trademarks or URL's using the names of, or otherwise in
> connection with the Program, and that all such registrations will
> be made in the name of Contender Partners, LLC.

(2007 License Agreement, ¶ 7.)

> Use of Licensor's Name:  Licensee shall not have the right to use
> Licensor's name or logo and/or the names, likeness or voice of
> Mark Burnett, the words "Mark Burnett Productions" or any
> name, likeness or voice of any other person or entity involved in
> the production of the Programs, in any manner whatsoever,
> except as specifically authorized in writing by Licensor or as
> included in the Program as delivered to Licensee hereunder.
> Solely in connection with the promotion and/or the marketing of
> the Programs licensed hereunder, Licensee may use Licensor's
> name and/or logo; it being understood and agreed that Licensor

8

COMPLAINT

shall not be identified in any way with any third party product, service or sponsor or used for an other commercial benefit with respect to any party, product, service or sponsor.

(*Id.*, ¶ 4.)

Reservation of Rights:  All rights in the Program other than those expressly granted to Licensee in accordance with the terms hereof are expressly reserved to Licensor which shall be entitled at all times during the continuation of this Agreement to exploit the same in such manner as Licensor may think fit.

(*Id.*, ¶ 6.)

27.    In addition, the License Agreements provide that the license is limited, by which the Azteca Defendants were granted a license to use and/or reproduce Plaintiff's intellectual property (i.e., *The Contender*) in a limited manner and context, and are expressly prohibited from altering, in any way, the format of *The Contender* episodes other than by dubbing or adding subtitles in a manner authorized by Plaintiff. Specifically, such provisions state:

Grant of Rights:  Subject to the License Fee payment terms set forth in the Specific Terms and Conditions, and to the due performance by Licensees of all the material obligations and conditions to be performed hereunder Licensor hereby grants and Licensee hereby accepts a *limited license* to exhibit the Programs specified in the Specific Terms and Conditions hereto in the Language, during the License Period, within the Territory, for the number of exhibitions, all as specified in the Specific Terms and Conditions hereto and using the Material as specified in the Specific Terms and Conditions hereto but for no other uses or purposes.

(2007 License Agreement, ¶ 1 (italics added).)

Licensee warrants and represents that, subject to Clause 15 below, Licensee shall exhibit the Program as delivered to Licensee in its entirety (including without limitation all

9

COMPLAINT

LA 127,256.305v5

> copyright notices and all credits whether such credits are on tape film or supplied as a separate transcript) without any additions deletions alterations or re-ordering save (unless otherwise agreed in writing) for Licensee's nominal scheduled advertising and the addition of any sub-titles and/or foreign-language version and Licensee's own broadcast credit and/or logo.

(*Id.*, ¶ 5(h).)

> Cutting and Editing: Except as expressly provided for herein, Licensee shall not, nor shall Licensee authorize or permit any person to cut, edit, delete or alter in any way any Program.

(*Id.*, ¶ 15.)

## Plaintiff Pitched A Spanish-Language Version Of *The Contender* To Defendants

28.    In or around May 2007, executives from Contender Partners met with representatives from the Discovery Network and the Azteca Defendants to discuss a prospective business opportunity for further expansion of *The Contender* series. Specifically, C. Scot Cru, head of international production at Mark Burnett Productions, had during this confidential meeting pitched to the Discovery Network and the Azteca Defendants the proposition and concept of licensing and co-producing a Spanish-language version of *The Contender* to be broadcast in Latin America and on Spanish language channels in the United States.  This meeting took place in Century City, California (hereafter referred to as the "pitch meeting").

29.    Meetings and discussions regarding Plaintiff's pitch, including one that took place in Mexico City, Mexico occurred between Plaintiff and the Azteca Defendants.  Altogether, the parties discussed the pitch on several occasions over a span of months.  As a result of these discussions and meetings Discovery and TV Azteca agreed to proceed with Plaintiff in the production of a Spanish-language version of *The Contender*.

LA 127,256,305v5

30.   In or around August, 2007, The Azteca Defendants started to stall and become non-responsive to calls from Plaintiff and Discovery regarding *The Contender*. The Azteca Defendants began to state they were very busy with other projects.  The Azteca Defendants abruptly ended their participation in these discussions in or around September, 2007.  Shortly after, Plaintiff is informed and believes, and thereon alleges that the Azteca Defendants contacted the Discovery Network with a proposal to co-produce *Retador Azteca*, a Spanish-language reality TV series using the same format as *The Contender*, but without a license from or authorization by Contender Partners.  On information and belief, the Discovery Network declined their offer because it believed that the *Retador Azteca* series was a rip-off of *The Contender* and infringed Contender Partners' trademarks and copyrights in *The Contender* series.

## Defendants' *Retador Azteca* Series Infringes Upon Plaintiff's Intellectual Property Rights In *The Contender*

31.   In 2008, Defendants began airing episodes of *Retador Azteca* within the United States on Azteca America's Spanish-language channel.  These episodes were co-produced by the Azteca Defendants and Mapitv, Inc.  The series expects to produce and run numerous episodes.

32.   *Retador Azteca* is a reality TV series that infringes upon Plaintiff's intellectual property rights, in that it uses the same name as *The Contender* and therefore infringes upon *The Contender*'s federally registered trademark, and it follows the same copyrighted format as *The Contender* where episodes of *Retador Azteca* appear as copies of *The Contender*, beat by beat.  For instance, the host is a former boxing champion (Jose "El Travieso" Arce), and contestants are unknown, aspiring male boxers with limited or no professional boxing experience.  The contestants are segregated from their families and reside in a collective house where they live and train together.  The "street"-like, gritty backdrop to the setting for *Retador Azteca* also has

11

LA 127,256,305v5

the same or substantially similar setting, mood, and overall look and feel as *The Contender*. Similarly, the boxers for *Retador Azteca* are grouped into two teams, segregated by origin (U.S. citizens versus Mexican citizens), that compete against each other to determine the line-up for each episode's elimination match. The *Retador Azteca* episodes culminate in a tournament round where the winner of the series is determined by a final championship match and awarded a large cash prize. Determined to copy every single detail of *The Contender*, like Season 1 of *The Contender*, the finale of *Retador Azteca* takes place at Caesar's Palace in Las Vegas, Nevada.

33.    The contestants in *Retador Azteca* also come from less than advantaged backgrounds; and the series, like *The Contender*, depicts the personal lives and struggles of each boxer. On information and belief, an executive from Azteca America summarized the concept of the series as such: "Half of the show will be about the boxers, their families, their homes and how they got where they are," and "the other half is the actual boxing." The combination of the sport and personal drama is being portrayed in the exact or substantially same manner as the copyrighted format for *The Contender*.

34.    Further, on information and belief, Defendants admitted in an interview with the *Los Angeles Times* that they "adapted the show concept from the 2005 NBC series 'The Contender,' but with an international twist." However, that "international twist" has already been done and copyrighted by Contender Partners through the production and broadcast of *The Contender Challenge:  UK v. USA*, that matched a U.S. team against a United Kingdom team.

35.    Defendants have also, on information and belief, violated certain regulatory laws under the State of California by holding bouts in California without being sanctioned and licensed by the California State Athletic Commission ("Commission"). On information and belief, the Commission has served a cease and desist order on Defendants at their place of business in Los Angeles. This violation of

LA 127,256,305v5

the laws was widely reported in various entertainment and sports articles on the Internet. The confusion between *The Contender* and *Retador Azteca*, created by Defendants' infringement and copying, has caused irreparable harm to Plaintiff's reputation and/or *The Contender* brand name by tying Plaintiff in the public eyes to the Defendants' unlawful activities.

36.     On or around January 30, 2008, Plaintiff sent Defendants a cease and desist letter notifying Defendants that their production, broadcast, and promotion of *Retador Azteca* infringed on Plaintiff's intellectual property rights in *The Contender* series. Defendants, however, have refused to stop their production and/or broadcast of *Retador Azteca*, or otherwise cease their infringing activities.

## COUNT I

(Violations Of The Lanham Act)

(Against All Defendants)

37.     Plaintiff realleges and incorporates by reference paragraphs 1- 36 of this Complaint.

38.     Plaintiff is the owner of the entire right, title, and interest in and to *The Contender*'s registered marks ("*The Contender* mark"); and has obtained federal trademark registrations from the United States Patent and Trademark Office reflecting such ownership, Registration Nos. 3354449 and 3220507, which is in full force and effect.

39.     Plaintiff uses *The Contender* mark in connection with the production, broadcast, and promotion of *The Contender* reality TV series. In addition, Plaintiff uses *The Contender* mark in connection with ancillary products and other merchandise.

40.     *The Contender* is a successful reality TV series that has spun off two consecutive seasons (Seasons 2 and 3), and two international versions (*The Contender Asia* and *The Contender Challenge: UK v. USA*). Since 2005, episodes of *The*

LA 127,256,305v5

*Contender* dubbed in Spanish have also been broadcast on Spanish language networks in both the United States and in Mexico. These Spanish-dubbed episodes were broadcast under the title *The Contender: El Retador*. "El Retador" translates in English to "The Contender." Plaintiff, through its license agreement with Discovery, extensively exploited, marketed and promoted *The Contender: El Retador* name and show.

41.     *The Contender* mark and the good will of the businesses associated with it in the United States and throughout the world are of great and incalculable value, are highly distinctive and arbitrary, and have become associated in the public mind with Plaintiff's reality TV series, *The Contender*, and of the very highest quality and reputation finding their source in Plaintiff.

42.     The registration of *The Contender* mark constitutes prima facie evidence of its validity and the conclusive evidence of Plaintiff's exclusive right to use *The Contender* mark in commerce and in connection with the production, broadcast, and promotion of *The Contender* reality TV series. The registration of *The Contender* mark also constitutes constructive notice to Defendants of Plaintiff's ownership and exclusive rights in and to *The Contender* mark.

43.     Moreover, Defendants have actual notice from their prior dealings with Plaintiff in connection with the License Agreements, which reference the trademark, and the prior broadcast of Seasons 1 and 2 of *The Contender*. Plaintiff also provided Defendants actual notice of *The Contender* mark through a letter sent to Defendants, requesting them to cease and desist their infringing activities.

44.     Defendants' conduct complained of herein constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114 in that Defendants' use of the name *Retador Azteca* in connection with its production, broadcast, and/or promotion of the *Retador Azteca* episodes, constitutes use of a foreign equivalent of the federally registered and trademarked name for *The Contender*; and therefore creates the

14

COMPLAINT

likelihood that the relevant public will be deceived or confused into believing that the Defendants and their program, *Retador Azteca*, are in some manner associated or connected with Plaintiff and/or *The Contender* mark, or that, contrary to fact, Defendants' reality TV series is the Latin American, Spanish-language version of *The Contender* or *The Contender: El Retador*.

45.     Defendants' use of the foreign equivalent of the common law and registered *The Contender* marks in connection with its production, broadcast and/or promotion of *Retador Azteca* constitutes trademark infringement and false designation of origin within the meaning of Section 43(a) of the Lanham Act, 15, U.S.C. § 1125(a).

46.     Defendants' infringing activities have been at all relevant times knowingly and willful.

47.     As a direct and proximate result of Defendants' infringing conduct, Plaintiff is entitled to enhanced damages and/or disgorgement of Defendants' profits, and reasonable attorneys' fees according to proof at trial that exceed the Court's minimum jurisdictional amounts.

48.     Further, Defendants' infringement of *The Contender* mark has caused damage to Plaintiff's reputation, goodwill and profits.  Plaintiff has no adequate remedy at law, and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT II

(Common law copyright infringement)

(Against All Defendants)

49.     Plaintiff realleges and incorporates by reference paragraphs 1- 48 of this Complaint.

50.     Defendants have never sought and Plaintiff has never granted Defendants any license or otherwise given Defendants its consent to produce, broadcast, and promote unauthorized and unlicensed episodes that copy the format of *The Contender*.

LA 127.256.305v5

51.     Defendants have infringed and continue to infringe Plaintiff's exclusive rights in the *The Contender* series by using, copying, and/or reproducing the format of the copyrighted episodes in the production, broadcast, and/or promotion of episodes of *Retador Azteca*.

52.     Defendants have and will continue to unlawfully profit and derive income from their infringing acts by producing, broadcasting, and/or promoting episodes of *Retador Azteca*.

53.     Defendants' infringing activities have been at all relevant times knowingly and willful.

54.     As a direct and proximate result of Defendants' infringing conduct, Plaintiff is entitled to damages and/or disgorgement of Defendants' profits according to proof at trial.

55.     Further, Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money damages.  Plaintiff has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief prohibiting Defendants from continuing to infringe Plaintiff's copyrights.

## COUNT III

(Breach of the License Agreements)

(Against the Azteca Defendants)

56.     Plaintiff realleges and incorporates by reference paragraphs 1- 55 of this Complaint.

57.     The 2005 and 2007 License Agreements are written, fully integrated contracts (collectively, the "License Agreements").

58.     Plaintiff performed all conditions covenants and promises required on its part to be performed in accordance with the terms and conditions of the License Agreements.

LA 127.256.305v5

59.     Pursuant to the License Agreements, the Azteca Defendants agreed that Plaintiff is the exclusive owner of all intellectual property to *The Contender*.  The Azteca Defendants further agreed that it will not use or cause the unauthorized use of *The Contender* mark.

60.     The Azteca Defendants violated the License Agreements by causing the unauthorized use of Plaintiff's trademark by producing a reality TV series under the name *Retador Azteca*, a foreign equivalent of the trademarked name *The Contender*.

61.     The Azteca Defendants further violated the License Agreements by causing the unauthorized copying and/or reproduction of the copyrighted format for *The Contender* series.

62.     As a direct and proximate result of the Azteca Defendants' breach of the License Agreements, Plaintiff has been damaged in an amount to be ascertained at the time of trial.

## COUNT IV

### (Breach of an implied contract)

### (Against All Defendants)

63.     Plaintiff realleges and incorporates by reference paragraphs 1- 62 of this Complaint.

64.     Plaintiff disclosed the valuable creative ideas and concepts set forth in paragraph 28 herein and with the express and implied understanding that Defendants would not commercially appropriate or exploit the creative ideas and concepts without Plaintiff's consent, and that Defendants would use Plaintiff's creative ideas and concepts only if Defendants co-produced with the Discovery Network a Spanish-language version of *The Contender* series under a license granted to Defendants by Plaintiff, and compensate Plaintiff for such use.

65.     The terms of the contract at issue may be implied from the conduct of the parties, including their discussions that took place during the pitch meetings and

COMPLAINT

discussions in or around May 2007, the circumstances surrounding these discussions, and the custom and practice in the entertainment industry with regard to the solicitation and exploitation of ideas and concepts.

66.    Knowing the conditions on which Plaintiff's valuable creative ideas and concepts were tendered and with an opportunity to reject the disclosure of Plaintiff's creative ideas and concepts if the conditions were not acceptable, Defendants voluntarily accepted their disclosure. Defendants breached the implied contract by and through the actions alleged herein, including but not limited to the following conduct: (a) by producing, broadcasting, and/or promoting Spanish-language episodes of a reality TV series that follows the same format as *The Contender*; (b) by engaging in such activities without first obtaining a valid license or authorization from Plaintiff; and (c) by failing to compensate Plaintiff for their infringement of Plaintiff's intellectual property rights in *The Contender*.

67.    Plaintiff has performed, or has been ready and willing to perform if permitted by Defendants, all material covenants and conditions required of Plaintiff under the implied contract, except those waived or excused by reason of the breach by Defendants.

68.    Although Plaintiff has undertaken all reasonable efforts to mitigate its damages, as a direct and proximate result of the breaches by Defendants of the contractual obligations under the implied contract and based in part upon the reasonable value of Plaintiff's creative ideas and concepts, Plaintiff has suffered damages in an amount to be ascertained at the time of trial.

69.    Defendants' breach of the implied covenant also threatens to inflict upon Plaintiff immediate and irreparable damage which could never be adequately compensated through an award of monetary damages. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent and restrain Defendants from

LA 127,256,305v5

completing their scheme of depriving Plaintiff of that invaluable credit to which Plaintiff is entitled.

## COUNT V

(Violation Of Cal. Bus. & Prof. Code §§ 17200, et seq.)

(Against All Defendants)

70.     Plaintiff realleges and incorporates by reference paragraphs 1- 69 of this Complaint.

71.     Defendants' acts are likely to cause injury to Plaintiff's reputation and result in Defendants unfairly competing with Plaintiff in violation of California Business and Professions Code §§ 17200, *et seq.* (California's Unfair Competition Law, the "UCL"). Further, Defendants' acts are unlawful and unfair because they have attempted to present the originality of the format and concept for *The Contender* series as their own, instead of attributable to Plaintiff.

72.     Defendants' actions as alleged above violate the "unfair" prong of the UCL because (a) the utility of such actions is outweighed by the gravity of the harm they cause to Plaintiffs, and (b) such actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.

73.     Defendants' actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

74.     Defendants' actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth above.

75.     Defendants' conduct has injured Plaintiff and, unless enjoined, will continue to cause great, immediate, and irreparable injury to Plaintiff.

76.     Plaintiff is without an adequate remedy at law.

COMPLAINT

LA 127,256,305v5

77.     Plaintiff is therefore entitled to injunctive relief and an order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to California Business and Professions Code § 17203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Contender Partners, LLC prays for judgment against Defendants in each and every count listed in the Complaint and that includes:

### Count I (Violations of the Lanham Act)

A.     An order enjoining Defendants and all those in privity, concert or participation with Defendants from: (i) using the name *Retador Azteca* or any other name that infringes upon *The Contender* mark, in association with the production, broadcast, and/or promotion of a boxing program or an elimination/competition-style reality TV series that is structured around a series of boxing matches, or otherwise incorporates a series of boxing matches as part of the competition; and (ii) producing, broadcasting, and/or promoting a television series that copies and/or reproduces the copyrighted format of *The Contender* series;

B.     Three times actual damages and/or disgorgement of Defendants' profits from the trademark infringement;

C.     Reasonable attorneys' fees and costs; and

D.     Any further relief as the Court may deem proper and equitable.

### Count II (Common law copyright infringement)

E.     An injunction pursuant to the terms stated in paragraph A, above;

F.     Damages and/or disgorgement of Defendants' profits from the copyright infringement; and

G.     Any further relief as the Court may deem proper and equitable.

### Count III (Breach of the License Agreements)

H.     Actual damages in an amount to be proven at trial.

I.     Any further relief as the Court may deem proper and equitable.

COMPLAINT

LA 127,256,305v5

**Count IV (Breach of the implied contract)**

    J.     An injunction pursuant to the terms stated in paragraph A, above;

    K.    Actual damages in an amount to be proven at trial;

    L.    Any further relief as the Court may deem proper and equitable.

**Count V (Unfair competition, violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

    M.   An injunction pursuant to the terms stated in paragraph A, above;

    N.    Disgorgement of Defendants' profits from the unfair competition;

    O.    Reasonable attorneys' fees and costs; and

    P.    Any further relief as the Court may deem proper and equitable.

DATED:  March 26, 2008            Respectfully Submitted,

                                GREENBERG TRAURIG, LLP

                                By: _____

                                John M. Gatti
                                John J. Lucas
                                Lori Chang
                                GREENBERG TRAURIG, LLP

                                Attorneys for Plaintiff

COMPLAINT

LA 127,256,305v5

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiff Contender Partners, LLC, a California limited liability company, demand a trial by jury of any issue triable of right by a jury.

DATED:  March 26, 2008

Respectfully Submitted,

GREENBERG TRAURIG, LLP

By: _____
John M. Gatti
John J. Lucas
Lori Chang
GREENBERG TRAURIG, LLP

Attorneys for Plaintiff

LA 127,256,305v5

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Jennifer T. Lum.

The case number on all documents filed with the Court should read as follows:

## CV08- 2026 MRP (JTLx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

JOHN M. GATTI (SBN 138492)
JOHN J. LUCAS (SBN 216236)
LORI CHANG (SBN 228142)
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
Telephone:  (310) 586-7700
Facsimile:  (310) 586-7800
Attorneys for Plaintiff
CONTENDER PARTNERS, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTENDER PARTNERS, LLC, a California limited liability company, <br><br> PLAINTIFF(S) <br><br> V. <br><br> AZTECA INTERNATIONAL CORPORATION, a Delaware corporation and d/b/a AZTECA AMERICA, RED AZTECA INTERNATIONAL, S.A. de C.V., a Mexican corporation, TV AZTECA, S.A. de C.V., a Mexican corporation and d/b/a TV AZTECA, and MAPITV, INC., a New Jersey corporation, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV08-02026 MRP JTLx <br><br><br><br><br> SUMMONS |

TO:DEFENDANT(S): _____

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, John M. Gatti, Esq., GREENBERG TRAURIG, LLP, whose address is 2450 Colorado Avenue, Suite 400E, Santa Monica, California 90404. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

LA'REE HORN

Dated: MAR 2 6 2008 _____

By: _____
Deputy Clerk

(Seal of the Court)

1192

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| CONTENDER PARTNERS, LLC | AZTECA INTERNATIONAL CORPORATION d/b/a AZTECA AMERICA, RED AZTECA INTERNATIONAL, S.A. de C.V., TV AZTECA, S.A. de C.V. d/b/a TV AZTECA, and MAPITV, INC. |

| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|
| Los Angeles | Los Angeles |

| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JOHN M. GATTI, ESQ. <br> GREENBERG TRAURIG, LLP <br> 2450 Colorado Avenue, Suite 400E <br> Santa Monica, California 90404 <br> (310) 586-7700 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint According to proof in excess

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ of jurisdictional limi

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §§ 1051 et. seq.; 28 U.S.C. §§ 1331, 1332, 1338(a) and (b) and 1336; 15 U.S.C. §§ 1116 and 1121 - Federal question regarding trademarks and copyright and diversity jurisdiction.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI(405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

FOR OFFICE USE ONLY:    Case Number:

CV-71 (07/05)         CIVIL COVER SHEET         Page 1 of 2

CV08-02026

American LegalNet, Inc.
www.USCourtForms.com



CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Contender Partners, LLC - Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Aztec International Corporation d/b/a Azteca America - Los Angeles
Red Azteca International, S.A. de C.V. - Mexico
TV Azteca, S.A. de C.V. d/b/a TV Azteca - Mexico
Mapitv, Inc. - New Jersey

**List the California County,** or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date March 26, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.USCourtForms.com